UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN HYLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-3732 (UNA) |
| | ) |
| THE UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2), and *pro se* complaint (ECF No. 1) and amended complaint (ECF No. 3). The application is granted, and for the reasons discussed below, the complaint is dismissed.

Complaints filed by pro se litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis

placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

The complaint, both originally and as amended, sets forth plaintiff's observations about and reaction to criminal proceedings against those responsible for her son's death as well as her own arrest and prosecution.  Missing, however, are factual allegations in support of a discernable legal claim, or at least a claim distinct from any which might have been presented in other civil actions plaintiff has brought in this Court.  As drafted, this complaint fails to meet the minimal pleading standard set forth in Rule 8(a) and it will be dismissed, as will this civil action.  A separate order accompanies this Memorandum Opinion.

DATE: January 8, 2024                                          CHRISTOPHER R. COOPER
                                                                                         United States District Judge